UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN PAUL ENZO KLEIN,<br><br>                              Plaintiff,<br><br>        -against-<br><br>METROPOLITAN TRANSIT AUTHORITY;<br>MTA POLICE DEPARTMENT JOHN DOE 1-3;<br>JANE DOE 1-2,<br><br>                              Defendants. | 21-CV-7118 (JPC)<br><br>ORDER OF SERVICE |

JOHN P. CRONAN, United States District Judge:

Plaintiff brings this *pro se* action under the Court's federal question jurisdiction, alleging that he was falsely arrested and subjected to excessive force. By order dated August 25, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

**A.     Order of service**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Metropolitan Transit Authority (MTA) and the MTA Police Department through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so

**B.     Unidentified defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff appears to supply sufficient information to permit the MTA to identify the three John Doe and two Jane Doe MTA police officers who arrested Plaintiff on August 22, 2019, at the Stamford Metro-North Railroad station. It is therefore ordered that the MTA, which is the attorney for and agent of the MTA Police Department, must ascertain the identity and badge number of each John and Jane Doe whom Plaintiff seeks to sue here and the address where the defendants may be served. The

MTA must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John and Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John and Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for the Metropolitan Transportation Authority (MTA) and the MTA Police Department and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the Metropolitan Transit Authority at: 2 Broadway, New York, New York 10004. An amended complaint form is attached.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 10, 2021
        New York, New York

                                                          JOHN P. CRONAN
                                          United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Metropolitan Transportation Authority
   2 Broadway
   New York, New York 10004

2. MTA Police Department
   Grand Central Terminal Precinct
   89 East 42nd Street
   New York, New York 10017