UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
CHRISTIAN PAUL ENZO KLEIN,

                            Plaintiff,

-against-                                        **ANSWER**

METROPOLITAN TRANSIT AUTHORITY; MTA      1:21-CV-7118 (JPC)
POLICE DEPARTMENT JOHN DOE 1-3; JANE
DOE 1-2,

                            Defendants.
----------------------------------------------------------------- X

       Defendant Metropolitan Transportation Authority ("MTA"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Complaint herein as follows:

### BASIS FOR JURISDICTION

       1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in section/paragraph "I. Basis of Jurisdiciton" of the Complaint except admits that the MTA is a Public Benefit Corporation, duly organized and existing pursuant to the laws of the State of New York, with its principal place of business in New York, New York. Defendant refers all other matters of law to the Court.

### PARTIES

       2.     Defendant denies the truth of each and every allegation contained within section/paragraph "II. Parties" of the complaint except admits that the MTA's principal place of business is 2 Broadway, New York, New York.

### STATEMENT OF CLAIM

       3.     Defendant denies the truth of each and every allegation contained within section/paragraph "III. Statement of Claim" of the complaint and refers all matters of law to the court.

### RELIEF

4. Defendant denies the truth of each and every allegation contained within section/paragraph "IV. Relief" of the complaint.

### FIRST AFFIRMATIVE DEFENSE

5. Any injuries suffered by plaintiff were caused solely by his own negligence and or culpable conduct, not by any negligence of the Defendant.

### SECOND AFFIRMATIVE DEFENSE

6. Any injuries suffered by plaintiff were caused, in part, by his own negligence or culpable conduct, and any recovery by plaintiff must be diminished in proportion to that part of his injuries attributable to his own negligence.

### THIRD AFFIRMATIVE DEFENSE

7. Any injuries suffered by plaintiff were not caused by a negligent act or omission of the Defendant or any individual acting under their direction or control.

### FOURTH AFFIRMATIVE DEFENSE

8. Plaintiff's Summons and Complaint must be dismissed, in whole or in part, for a failure to state a cause of action upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

9. Plaintiff's 42 U.S.C. § 1983 claims fail to state a cause of action and are frivolous.

### SIXTH AFFIRMATIVE DEFENSE

10. Any alleged statements by the defendant with respect to plaintiff were truthful or otherwise privileged.

### SEVENTH AFFIRMATIVE DEFENSE

4846-2797-5934v.1

11. Defendant, Metropolitan Transportation Authority Police Department, is an improper party to this action as an administrative arm of the MTA that does not have a legal identity separate and apart from the MTA and cannot sue or be sued.

### EIGHTH AFFIRMATIVE DEFENSE

12. The Complaint is barred, either in whole or in part, because any acts and/or conduct of the defendants were privileged and justified.

### NINTH AFFIRMATIVE DEFENSE

13. The defendant sued in their official capacity had no notice of and no opportunity to respond to any alleged constitutional violations.

### TENTH AFFIRMATIVE DEFENSE

14. The defendant sued in their official capacity had no personal involvement in any alleged constitutional violations.

### ELEVENTH AFFIRMATIVE DEFENSE

15. Any injuries suffered by the plaintiff were caused, in whole or in part, by plaintiff's own culpable conduct, and this action by plaintiff is barred.

### TWELFTH AFFIRMATIVE DEFENSE

16. At all times, defendant acted in good faith and without malice.

### THIRTEENTH AFFIRMATIVE DEFENSE

17. At all times, any detention of plaintiff, if any, was in a reasonable manner and for a reasonable period of time.

### FOURTEENTH AFFIRMATIVE DEFENSE

18. At all times, the defendant had probable cause to believe a crime had been committed in defendants' presence or that defendants were otherwise justified in searching and detaining plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

19. Any criminal proceeding against plaintiff commenced or participated in by defendant was based upon probable cause and was not due to malice.

### SIXTEENTH AFFIRMATIVE DEFENSE

20. At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in detaining plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

21. There was probable cause for plaintiff's arrest, prosecution, and any detention of plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

22. Defendant is entitled to qualified immunity.

### NINETEENTH AFFIRMATIVE DEFENSE

23. Defendant is entitled to absolute immunity.

### TWENTIETH AFFIRMATIVE DEFENSE

24. Plaintiff's action against defendant is barred since there was no practice or procedure by the defendant that caused any of plaintiff's alleged injuries.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

25. Plaintiff's action against defendant is barred on the ground that plaintiff's conduct violated State Criminal Laws.

4846-2797-5934v.1

### TWENTY-SECOND AFFIRMATIVE DEFENSE

26. Any injuries suffered by plaintiff were due to plaintiff's assumption of the risk based upon his own culpable conduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

27. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

28. Plaintiff's Complaint must be dismissed because his claims are barred by the provisions of the Tenth Amendment of the United States Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims asserted under New York State Laws are barred for his failure to comply with conditions precedent of the New York State Public Authorities Law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims against the defendant are frivolous.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

31. Defendant's use of physical force, if any, was at all times necessary, reasonable, and privileged.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

32. Plaintiff's Complaint must be dismissed in whole or in part to the extent that plaintiff's New York State law claims are preempted by federal law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred by the Statute of Limitations.

### THIRTIETH AFFIRMATIVE DEFENSE

4846-2797-5934v.1

34. Defendant did not violate clearly established statutory or constitutional rights of which a reasonable person would have known and are, therefore, protected by qualified immunity.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

35. Defendant acted reasonably in the proper and lawful exercise of its discretion.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

36. To the extent any state law claim(s) are alleged, they may be barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

37. Defendant did not violate any rights, privileges, or immunities under the Constitution or laws of the United States, or the State of New York, or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

38. Any claim for punitive and/or exemplary damages is barred by the United States Constitution, including, *inter alia*, the Due Process, Equal Protection, and Excessive Fines Clauses of the Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

39. Defendant reserves all rights to add additional affirmative defenses.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint herein, together with their costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated:  New York, New York
        October 5, 2021

Yours, etc.,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Kascheé Charles-Porter
Philip J. DiBerardino
Attorneys for Defendant
METROPOLITAN TRANSPORTATION AUTHORITY
120 Broadway, 13th Floor
New York, New York 10271
(212) 238-4800

TO:   Christian Paul Enzo Klein
      General Delivery, NY
      New York, NY 10001
      917-938-4556
      Email: cpklein25@gmail.com
      PRO SE

7

4846-2797-5934v.1