USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/5/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTIAN PAUL ENZO KLEIN,                        :
                                                  :
                    Plaintiff,                    :     **ORDER**
                                                  :
            -v-                                   :     21-CV-7118 (JPC) (JLC)
                                                  :
METROPOLITAN TRANSIT AUTHORITY,                   :
*et al.*,                                         :
                                                  :
                    Defendants.                   :
-----------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The Court held a telephone conference on August 5, 2022 to discuss issues relating to the extension of discovery deadlines, authorization forms, and service of process. As discussed at the conference, the Court hereby orders the following:

**I. Discovery Deadlines**

The Court modifies its previous Scheduling Order dated March 15, 2022 (Dkt. No. 36) as follows:

1. All fact discovery shall be completed by **October 28, 2022**; and

2. Defendants shall submit a pre-motion conference letter to Judge Cronan in anticipation of their summary judgment motion by **November 14, 2022**.

3. Should Defendants' summary judgment motion be denied, the Court will then set a schedule for expert discovery.

## II. Authorization Forms

To the extent Defendants continue to seek authorization forms that they contend are required to defend this case – notwithstanding Plaintiff's apparent agreement (as expressed at the August 5th conference) that he would limit his claims for relief to "garden variety" damages – Defendants are directed to file a motion to compel plaintiff to produce executed authorization forms no later than **August 19, 2022**. Plaintiff is directed to submit opposition papers to defendants' motion **no later than August 26, 2022**. Defendants may file reply papers, if any, **no later than September 2, 2022**.

The Court will then review the motion papers and either issue a written decision or schedule another conference to resolve the motion.

## III.   Service of Process

Plaintiff, proceeding *pro se* and *in forma pauperis*, is entitled to service of process by the United States Marshals Service. *See* 28 U.S.C. § 1915; Fed. R. Civ. P. Rule 4(c)(3). By order dated January 25, 2022, Judge Cronan directed that the Marshals effect service on defendants Brian Denicola, Danielle Hughes, Jennifer Kelly, Matthew Sauer, and Kirk Thomas, all of whom are employed by either the MTA or the MTA Police Department, and also on defendant Gina Mital, who is employed by the Stamford Probation Department, at the addresses Plaintiff provided. Dkt. Nos. 25, 26. [1]

---

[1] These individuals were named in an amended complaint Plaintiff filed on December 21, 2021. (ECF 24.)

According to the Process Return and Receipts forms filed on May 3, 2022, the Marshals attempted mail and personal service on the individual defendants but were unsuccessful because the "facility is not accepting documents in person or via mail." Dkt. Nos. 37–42. Counsel for the MTA and the MTA Police Department have already filed notices of appearance (and answered) on behalf of individual defendants Denicola and Kelly. Dkt. Nos. 13, 22.

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant and an address where a defendant may be served. 121 F.3d 72, 76 (2d Cir. 1997). *See also Bryant v. N.Y. State Dep't of Corr. Servs. Albany*, No. 00-CV-3728 (RMB) (FM), 2001 WL 263315, at *1 (S.D.N.Y. Mar. 16, 2001) (ordering counsel to provide address where already-identified defendant could be served).

It is therefore ordered that counsel will either accept service on behalf of Police Officer Danielle Hughes, a current MTA employee, or provide a current address where she may be served. In addition, with regard to service of Conductor Kirk Thomas and Lieutenant Matthew Sauer, who are both apparently retired MTA employees, counsel is instructed to confirm the last known address for both individuals and to update the Court accordingly. Counsel shall provide this information to the Court **within ten (10) days** of the date of this order. Once the Court receives this information, it will issue an order directing the Clerk of Court to

complete the USM-285 forms with the addresses for Hughes, Sauer, and Thomas, and deliver all documents necessary to effect service to the U.S. Marshals Service.[2]

With regard to defendant Gina Mital, who is not an MTA employee, the Court will contact the U.S. Marshals Service to obtain more information regarding what has been done to date, and what may be done going forward to effect service on her.

**SO ORDERED.**

Dated: August 5, 2022
     New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[2] Under the Federal Rules of Civil Procedure and the New York Civil Practice Law and Rules ("C.P.L.R."), defendants have a duty to avoid the unnecessary expense of personal service. Should the Marshals Service be required to serve summonses personally, the Court may, in accordance with the Federal Rules and the C.P.L.R., order that defendants be charged with the reasonable expense of serving process.