```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHRISTIAN PAUL ENZO KLEIN,

                Plaintiff,                   **PROTECTIVE ORDER**

      v.

METROPOLITAN TRANSIT AUTHORITY, *et al.*,     21-cv-07118 (JPC)(JLC)

                Defendants.
-------------------------------------------------------X

      **WHEREAS,** Plaintiff Christian Paul Enzo Klein ("Plaintiff") and the defendants intend to produce certain documents and information that they deem to be confidential or otherwise inappropriate for public disclosure;

      **WHEREAS,** Plaintiff and Defendants will only produce these documents and information if appropriate protection for their confidentiality is assured;

      **NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:[1]

      1.    As used herein, "Action" shall mean the pending action between Plaintiff and Defendants captioned *Christian Paul Enzo Klein v. Metropolitan Transit Authority, MTA Police Department, Kirk Thomas, P.O. Danielle Hughes, Capt Jennifer Kelly, Lt Matthew Sauer, P.O Brian Denicola, Gina Mital*, 1:21-CV-7118 (JPC)(JLC).

      2.    "Confidential Material" shall include all documents or other materials that each party to this action may in good faith determine should be designated as "Confidential Material."

      3.    Confidential Materials shall be used solely for the purpose of pursuing and contesting the causes of action presented in this Action, and not for any other purpose (*i.e.* other than evaluation, preparation, presentation, or settlement of claims or defenses in the Action).

---

1. Defendants submitted this protective order and plaintiff did not object to it, but did not sign the agreement. Thus, the Court hereby issues it as an order of the Court.

4. The documents designated as "Confidential Material(s)" shall not be disclosed or disseminated to any person other than a party to the Action, except the following individuals, unless this Court rules that there may be further disclosure:

a. counsel of record for the representative parties, namely: Plaintiff pro Se, Christian Paul Enzo Klein, Carmel Motherway, Esq. for defendant Mital, attorneys for Defendants, Landman Corsi Ballaine & Ford P.C., and agents of the MTA, Connecticut Attorney General's office and/or Metro-North legal and Claims Department;

b. employees of such counsel assigned to and necessary to assist in the litigation;

c. non-party experts or independent consultants engaged by counsel or the parties to assist in prosecuting or defending the claims presented; and

d. any other person as to whom the parties first agree in writing and who sign the form set forth in **Exhibit A** before being provided with discovery materials protected by this Protective Order.

These restrictions may be altered or supplemented only by written stipulation between the parties filed with and approved by the Court or by Order of the Court on motion.

5. Counsel for the parties may designate deposition exhibits or portions of deposition transcripts as Confidential by indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will designate the transcript and/or exhibit as Confidential.

6. If any party objects to the designation of Confidential Material(s) as confidential, the objecting party shall state such objection in writing, and counsel shall attempt to resolve the conflict in good faith. If the conflict cannot be resolved among counsel, the designating party's

attorney shall, within thirty days of the initial objection, request by motion that the Court maintain the "Confidential" designation. Any such materials shall be treated as confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict. If the designating party does not file a motion within thirty days of (the initial object) that the Court maintain the designation, the materials will no longer be deemed Confidential or be covered in this Order.

7. If a party seeks to file Confidential Material with the Court or reveal the contents thereof, the party shall first contact all counsel in an attempt to resolve all issues relating to confidentiality. In the event that no resolution may be obtained, a party may make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Material and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

8. This Protective Order shall not prevent or prejudice any party from applying to the Court for appropriate relief, for further or additional protective orders, or from agreeing with the other party to a modification of the Protective Order, subject to the approval or this Court.

9. Nothing in this Protective Order shall be construed to limit a party's use of their own Confidential Material in any manner. If a party does not attempt to file materials it labels "Confidential Material" under seal, the materials will no longer be covered by this Order.

10. Nothing in this Protective Order shall be deemed a waiver of any right any party otherwise might have under the Freedom of Information Act, the

4858-2995-8186v.1

Federal Rules of Civil Procedure, or the doctrines of attorney-client privilege or attorney work product.

11. This Protective Order is binding upon the parties.

12. Within sixty days after final termination of this litigation, either by settlement, by expiration of the time to appeal, or after issuance of the appellate mandate after an appeal, receiving counsel of record shall either certify destruction of all Confidential Material, including all copies, abstracts, or summaries, and documents containing information taken from Confidential Material (but excluding any materials which in the judgment of receiving counsel are his work product) or return them to the producing person. However, one counsel of record for each party may retain the Confidential Material, solely for reference in the event of a dispute over the use or dissemination of information subject to the terms of this Order or over compliance with the final judgment. The retaining counsel of record shall secure and maintain restricted access to these Confidential Materials.

13. The Southern District of New York retains jurisdiction of all matters arising under this Protective Order.

14. Nothing in this Protective Order operates to create an admission by any party that confidential information disclosed in this case is relevant or admissible. All parties specifically reserve the right to object to the use or admissibility of all Confidential Materials disclosed, in accordance with applicable law and Court rules.

**SO ORDERED.**

Dated: February 6, 2023
New York, New York

JAMES L. COTT
United States Magistrate Judge

4858-2995-8186v.1

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHRISTIAN PAUL ENZO KLEIN,

               Plaintiff *Pro Se*,             **NON-DISCLOSURE AGREEMENT**

    v.                                       1:21-cv-07118 (JPC)(JLC)

METROPOLITAN TRANSIT AUTHORITY,
*et al*.,

               Defendants.
-------------------------------------------------------X

James L. Cott, United States Magistrate Judge:

    I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:                                        By: _____