USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTIAN PAUL ENZO KLEIN,            :
                                      :
             Plaintiff,            :    **ORDER**
                                      :
     -v-                             :    21-CV-7118 (JPC) (JLC)
                                      :
METROPOLITAN TRANSIT AUTHORITY,       :
*et al.*,                             :
                                      :
             Defendants.           :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Defendant Gina Mital has moved by letter-motion for a stay of discovery pending adjudication of her motion to dismiss (Dkt. No. 75). By letter dated February 3, 2023 (Dkt. No. 82), plaintiff claims he will be prejudiced and at "an unfair disadvantage" if discovery is stayed.

      A motion to dismiss does not automatically stay discovery. *See, e.g., Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (citing *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). Thus, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Id.* (quotation omitted). Rather, under Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause." *New York by James v. Pennsylvania Higher Educ. Assistance Agency*, No. 19-CV-9155 (ER), 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020). Good cause is analyzed by the "application of three factors: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of

discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (quoting *Guiffre v. Maxwell*, No. 15-CV-7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016)).

The Court has preliminarily reviewed defendant Mital's motion and, while it will not predict the outcome, it observes that Mital has raised serious arguments as to the viability of the claims against her. Moreover, the production of her personnel records at this time is unnecessary, and would significantly prejudice her if the motion is ultimately granted. Given that there are two defendants who have still not responded to the complaint (and neither been served), it is apparent that discovery in this case will be continuing for some time to come. Accordingly, if Mital's motion is denied, then any discovery with respect to her can proceed alongside the other discovery still to be taken. For these reasons, the motion to stay discovery as to defendant Mital is granted.

The Clerk is directed to close Docket No. 75 and mark it as "granted."

**SO ORDERED.**

Dated: February 6, 2023
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge