UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                          :

CHRISTIAN PAUL ENZO KLEIN,          :

                                  :

              Plaintiff,      :

                                  :          21 Civ. 7118 (JPC)

       -v-                    :

                                  :           <u>ORDER</u>

METROPOLITAN TRANSIT AUTHORITY *et al.*,  :

                                  :

              Defendants.    :

-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Christian Paul Enzo Klein alleges that after he accidentally boarded an express Metro-North train from Harlem-125[th] Street to New Haven, rather than the local train from Harlem-125[th] Street to Port Chester for which he had purchased a ticket, he was wrongfully arrested, with excessive force, by officers with the Metropolitan Transit Authority ("MTA") Police Department, and he was subsequently maliciously prosecuted. Dkt. 24 ("Am. Compl.") at 5-6. In addition to bringing this action against the MTA, the MTA Police Department, the train's conductor, and the four MTA Police Officers who allegedly arrested him, Plaintiff sues Defendant Gina Mital, a probation officer for the City of Stamford, *id.* at 5, who allegedly accompanied those officers, *id.*, and whom he accuses of "slander . . . for making a false statement to the police," *id.* at 6. Mital moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Dkt. 62. In response, Plaintiff moves for leave to amend the Amended Complaint. Dkt. 81.

      On December 5, 2022, the undersigned referred the motion to dismiss and the then-anticipated motion for leave to amend to the Honorable James L. Cott for a report and

recommendation. Dkt. 65. On March 6, 2023, Judge Cott issued his Report and Recommendation. Dkt. 87 ("R&R"). As to Mital's motion to dismiss, Judge Cott first recommended dismissing Plaintiff's section 1983 claims against Mital on the grounds that the Amended Complaint fails to adequately plead that she was a state actor during Plaintiff's arrest. *Id.* at 6-8. Next, he recommended that, to the extent the Amended Complaint does bring claims against Mital for malicious prosecution under section 1983, they should be dismissed because the Amended Complaint fails to adequately plead the elements of the tort of malicious prosecution under New York law. *Id.* at 8. Lastly, he recommended that Plaintiff's slander claim against Mital should be dismissed because the statute of limitations has run. *Id.* at 10. As to Plaintiff's motion for leave to amend, Judge Cott recommended that the motion be denied because any attempt to replead would be futile, given that Plaintiff's slander claim is time-barred and that he already had multiple opportunities to cure the deficiencies in his other claims against Mital. *Id.* at 11-12. Through an undated letter received on March 20, 2023, Plaintiff filed brief objections to the Report and Recommendation. Dkt. 95 ("Objections"). In full, it reads:

> Although I appreciate the court[']s assistance now and always, I oppose the recommendation made that defendant Gina Mital be dismissed from this case. The defendant herself admits in a sworn statement against me that [she] made statements to the MTA PD against me. Such statements were used in my prosecution. My case was dismissed, despite statements by defendant Mital. I ask the court to accommodate the fact I am not a trained attorney, and while the "legal jargon" might n[o]t be text book that we look at the fact the defendant admits to making these statements against me. For those reasons I ask the court to not dismiss defendant Mital from the suit. What the defendant did was an abuse of authority, and they must be held accountable.

*Id.*

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Within fourteen days after a party has been served with a copy of a magistrate

judge's report and recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). The district court reviews those portions of a report and recommendation to which no timely objection was filed only for clear error. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

"The objections of *pro se* parties are 'generally accorded leniency and should be construed to raise the strongest arguments that they suggest.'" *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quoting *Howell v. Port Chester Police Station*, No. 09 Civ. 1651 (CS) (LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

First, the Court adopts the portion of the Report and Recommendation concerning the dismissal of Plaintiff's claim against Mital for slander. Even when liberally construed, Plaintiff's objections to this portion of the Report and Recommendation do not address the grounds for Judge Cott's recommendation of dismissal. While Plaintiff insists that Mital did, in fact, make the statement alleged and that her statement was, in fact, used in his prosecution, *see* Objections, Judge Cott recommended dismissal on the grounds that too much time elapsed between when Mital allegedly made that statement and when Plaintiff filed this lawsuit, R&R at 10. Furthermore,

having reviewed for clear error, the Court agrees that the claim for slander must be dismissed as time-barred.  Under Connecticut law, "[n]o action for . . . slander shall be brought but within two years from the date of the act complained of."  Conn. Gen. Stat. § 52-597 (2023).  The Amended Complaint alleges that Plaintiff was arrested by MTA Police Officers, accompanied by Mital, on August 22, 2018, Am. Compl. at 5, and does not further allege that Mital took any action on any other day, while the Complaint was not filed until August 23, 2021, *see* Dkt. 2.  Because more than two years elapsed between those dates, Connecticut law bars Plaintiff's slander claim.[1]

As to the remaining claims against Mital, the Court first notes, as a preliminary matter, that even liberally construed it is not at all clear that the Amended Complaint brings any claims against Mital beyond one for slander.  The lone fact about her alleged in Plaintiff's statement of facts is that she walked towards Plaintiff in the company of four MTA Police Officers and the Metro-North conductor, Am. Compl. at 5; the statement of additional facts appended to the Amended Complaint, Dkt. 24-1, does not mention her at all, *id.*; and the lone mention of her in the description of the relief Plaintiff seeks concerns only the slander claim, not Plaintiff's remaining claims, Am. Compl. at 6.  Nonetheless, to the extent that the Amended Complaint does also bring claims against Mital under section 1983, the Court adopts the portion of the Report and Recommendation recommending dismissal of those claims.  As with the slander claim, Plaintiff's objections to this portion of the Report and Recommendation, even liberally construed, do not address Judge Cott's recommendation that any section 1983 claim against Mital be dismissed on the grounds that Plaintiff fails to allege that she was a state actor at the time the incident occurred.  *See* R&R at 6-8.  Furthermore, having reviewed for clear error, the Court agrees that the Amended Complaint is

---

[1] Furthermore, to the extent that a choice-of-law question might arise as to the law governing Plaintiff's claim for slander, New York law imposes a one-year statute of limitations on such a claim.  *See* N.Y. C.P.L.R. § 215(3) (2023).

deficient in this respect. Section 1983 allows for liability only as to persons who act "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. In turn, "[t]o act under color of state law or authority for purposes of section 1983, the defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (internal quotation marks omitted). And while Mital is allegedly employed as a probation officer by the City of Stamford, *see* Am. Compl. at 5, the sole action she is alleged to have performed—namely, giving a statement to police—does not require any power "possessed by virtue of state law and made possible only because [she was] clothed with the authority of state law," *Monsky*, 127 F.3d at 245. Thus, because Plaintiff does not allege that Mital acted under color of state law when she made a statement to police about him, the Amended Complaint fails to state a claim against Mital under section 1983 for which relief may be granted.

Next, the Court turns to Plaintiff's motion for leave to amend the Amended Complaint. First, the Court adopts that portion of the Report and Recommendation recommending denial of leave to amend Plaintiff's claim for slander. Judge Cott concluded that any amendment would be futile for the same reason that the claim should itself be dismissed—namely, the time during which Connecticut law requires a claim for slander to be brought had already passed before this lawsuit was filed, an obstacle that cannot be surmounted by repleading in another amended complaint. R&R at 11-12. As mentioned, Plaintiff's Objections do not address this ground for the denial of leave to amend. Furthermore, having reviewed for clear error, the Court agrees that any amendment as to this claim would be futile: The only cure for the deficiency in Plaintiff's claim

for slander would be for his Complaint to have been filed sooner, and effecting that cure lies beyond the power of an amendment to the pleadings in this case.

The Court has observed that it is unclear whether—even construed liberally—the Amended Complaint succeeds at bringing any claim against Mital besides one for slander. In his Report and Recommendation, Judge Cott concluded that it would similarly be futile for Plaintiff to amend the Complaint with respect to any non-slander claims against Mital—whether that amendment would add new claims or replead existing ones—and on that basis recommended that leave to amend be denied in full. *Id.* at 10-12. Among the claims that Plaintiff seeks to add through further amendment is one for malicious prosecution. Dkt. 63. In determining that any malicious prosecution claim would lack merit, Judge Cott analyzed whether Plaintiff might successfully plead a claim for malicious prosecution under section 1983. R&R at 8. In addition to the failure to adequately allege that Mital acted under color of state law, which, as discussed above, poses an obstacle to any section 1983 claim against her, Judge Cott noted that to adequately plead a section 1983 claim for malicious prosecution, Plaintiff would be required to allege the elements of malicious prosecution under state law. However, Judge Cott reasoned, Plaintiff has failed to allege one element of malicious prosecution under New York law—namely, that Mital took an active role in Plaintiff's prosecution. *Id.*

But a section 1983 claim relying on New York state law may not be the only avenue through which Plaintiff could pursue a malicious prosecution claim against Mital. Malicious prosecution is a non-constitutional tort in its own right, and particularly if Mital did not act under color of state law, it would be more natural for Plaintiff to pursue any claim against her as an ordinary tort rather than as a constitutional one. Furthermore, while Judge Cott correctly analyzed the deficiencies of a malicious prosecution claim against Mital under New York law given

Plaintiff's failure to allege Mital's direct involvement in the commencement or continuation of a criminal proceeding, *see* R&R at 8, in the event Mital is alleged to have made a false statement in Connecticut rather than New York (which is not clear based on the allegations in the Amended Complaint), New York choice-of-law principles may require the application of Connecticut malicious prosecution law, *see Padula v. Lilarn Props. Corp.*, 644 N.E.2d 1001, 1002 (N.Y. 1994) (providing that the law of the jurisdiction where the tort occurred generally governs when conduct-regulating laws conflict); *Heaney v. Purdy*, 272 N.E.2d 550, 551 (N.Y. 1971) (applying the law of a foreign jurisdiction in a malicious prosecution action so as to vindicate "that jurisdiction's interest in regulating conduct within its borders" (internal quotation marks omitted)).  Furthermore, it appears that under Connecticut law an allegation that the defendant knowingly made a false statement to police may suffice to state a claim for malicious prosecution, regardless of whether the defendant further took an active role in the prosecution.  *See Bhatia v. Debek*, 948 A.2d 1009, 1018-19 (Conn. 2008).  Thus, while for a number of reasons a state law malicious prosecution claim may not ultimately succeed, the Court cannot say at this time that an amendment to add it would be futile, particularly given the leniency afforded to Plaintiff as a *pro se* litigant.  For that reason, the Court will allow Plaintiff to amend his Amended Complaint to add a state law claim for malicious prosecution against Mital.[2]

Lastly, the Court turns to whether to permit amendment with respect to Plaintiff's section 1983 claims against Mital.  Judge Cott concluded that allowing an amendment concerning allegations that Mital acted under color of state law would be futile because Plaintiff has already

---

[2] The Court further notes that while New York imposes a one-year statute of limitations on claims for malicious prosecution, *see* N.Y. C.P.L.R. § 215(3) (2023), Connecticut allows an action for malicious prosecution to be brought at any point within three years from the termination of the relevant prosecution, Conn. Gen. Stat. §52-577f (2023), which in this case is alleged to have terminated on October 31, 2019, Am. Compl. at 6.

been given multiple opportunities to adequately plead that element of a section 1983 claim but has failed to do so.  R&R at 11-12.  While the Court agrees that it would be unreasonable to grant leave to amend solely to provide Plaintiff with yet another opportunity to allege that Mital acted under color of state law, since the Court grants Plaintiff leave to amend to add a state law malicious prosecution claim against Mital, the Court will also allow him one final opportunity to attempt to plead that Mital acted under color of state law.  Plaintiff is cautioned, however, that he should make such an amendment only if he can allege that, when making her alleged statement to MTA Police, Mital did not merely act as a private citizen but instead exercised authority given to her by state law.

For the foregoing reasons, the Report and Recommendation is adopted in part.  The Amended Complaint is dismissed as to Mital, and Plaintiff is denied leave to amend with respect to his claim for slander.  However, Plaintiff is granted leave to amend the Amended Complaint to plead a state law claim for malicious prosecution against Mital and to plead a section 1983 claim against Mital provided he is able to allege that Mital's allegedly unlawful actions were performed under color of state law.  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: May 22, 2023
      New York, New York

                                         JOHN P. CRONAN
                                United States District Judge